Meyer, J.
(dissenting). The fallacy in the majority’s reasoning and in that of the Appellate Division is in the *985 insistence on viewing the theft as of the car rather than of its tires and wheels.* There is, of course, no question that the original takers removed the entire car from Volpe Motors premises. But it is also true that if the intention of the original takers was to steal not the entire car but only the tires and wheels, when asportation of the car had ceased is irrelevant to defendant’s criminal responsibility.
This is because by definition larceny requires not only asportation or taking of property but also the intent to deprive the owner of it or to appropriate it to the thief or to a third person (Penal Law, § 155.05, subd 1). So far as' pertinent to the present case, to “deprive” means to withhold property permanently or under such circumstances that the major portion of its economic value is lost to the owner, or to dispose of the property in such a manner or under such circumstances as to render it unlikely that the owner will recover it (Penal Law, § 155.00, subd 3), and to “appropriate” means to control property permanently or under such circumstances as to acquire the major portion of its economic value, or to dispose of it for the benefit of oneself or a third person (Penal Law, § 155.00, subd 4).
Whether the larceny committed by defendant’s friends had been completed when the Lincoln Continental left Volpe’s premises turns, therefore, on whether their intent was to deprive Volpe of, or appropriate to themselves, the entire car or only the tires and wheels. From the facts that defendant’s friends had tried unsuccessfully to remove the tires and wheels before they contacted defendant and that they took with them only the tires and wheels and left the car without wheels or tires in the park, a trier of fact could infer that they intended to deprive Volpe of, or appropriate to themselves, only the tires and wheels. Yet the Appellate Division has held that the original takers’ “possession of the entire vehicle after it was removed from Volpe’s premises * * * as a matter of law * * * established] a taking” and that “the larceny of the car, and hence its tires and wheels, *986 was accomplished and complete when the car was removed from the premises” (90 AD2d, at p 250 [emphasis supplied]). That ruling on the law was error because it looked only to asportation and ignored the element of intent and the factual basis in the record upon which the jury could have found that defendant’s friends’ intention was only to steal the tires and wheels, and that the entire car had been removed from Volpe’s premises only for the purpose of removing the tires and wheels.
The indictment charged defendant with larceny of the tires and wheels only. At the close of the People’s case defendant’s attorney moved to dismiss on the ground that theft of the car was complete when it was taken from Volpe’s premises. The Trial Judge overruled that motion and charged the jury on larceny of the tires and wheels only. No request for an instruction as to the intent of the original takers was made by defendant.
Of course, defendant’s own criminal responsibility turned upon his personal knowledge and intent (see Penal Law, § 20.00; People v La Belle, 18 NY2d 405, 412). Unless defendant knew that he was taking part in a recently commenced and continuing plan to steal only the tires and wheels, he could not be deemed an accomplice to the larceny of them. However, based on defendant’s statement that he knew the car had been stolen the night before and that the object of his friends was to remove the tires and wheels, there was evidence from which the jury could find that he knowingly and intentionally participated in the larceny of the tires and wheels.
To consider the asportation by the original takers without considering also their intent was inconsistent with the statutory definitions quoted above and, therefore, an error of law. The order of the Appellate Division should, therefore, be reversed and the matter remitted to that court for its review of the facts.
Chief Judge Cooke and Judges Jones, Wachtler, Simons and Kaye concur; Judge Meyer dissents and votes to reverse in an opinion in which Judge Jasen concurs.
Order affirmed in a memorandum.

 Thus the Appellate Division opinion states (90 AD2d, at p 250) that “We agree that the evidence was insufficient to connect defendant with the theft of the car”, that “larceny of the car, and hence its tires and wheels, was accomplished and complete when the car was removed” (id.), and that “The People’s evidence in the case at bar does not lead to the inference that defendant had knowledge of his friends’ intent to steal the car" (id., at p 251 [emphasis supplied]).